Mario Pittont, J.
The defendant town moves, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice, to dismiss the complaint for failure to state a cause of action.
The infant plaintiff claims to have sustained personal injuries when she fell September 24, 1958 on a sidewalk in the Village of Amityville, Town of Babylon.
The motion by the defendant town attacks the complaint for not alleging: (1) service of a notice of claim, (2) prior written notice of the defect, and (3) commencement of the action within one year and 90 days.
The complaint is defective for failing to allege service of a notice of claim on the town. However, the papers on file on this motion indicate that the notice was timely served. If this be the fact, the infant plaintiff should be permitted to allege this fact in an amended complaint.
The complaint is also defective by reason of section 215 of the Highway Law in that it fails to state that the defendant town was given written notice of the defect prior to the accident. It is true that the complaint11 must be liberally construed with a view to substantial justice between the parties ” (Civ. Prac. Act, § 278); and that it must be sustained if it states in some recognizable form a cause of action known to law (Dulberg v. Mock, 1 N Y 2d 54, 56). Here, however, it is difficult to read into the complaint facts that take this cause of action out of the requirement of section 215 of the Highway Law. True, if the town or its agent created the dangerous condition, it is not entitled to prior notice (Horbert v. Town of Islip, 283 App. Div. 661 [2d Dept.]). However, it is hard to spell out any such allegation in paragraphs 5, 6 and 8 of the complaint. Perhaps an amended complaint might bring this out — if the actual facts warrant such an allegation.
The last contention, that the complaint does not allege that the action was begun within one year and 90 days, as required by section 50-i of the General Municipal Law, is without substance on this motion under subdivision 4 of rule 106 of the *58 Buies of Civil Practice. Furthermore, section 50-i of the General Municipal Law only applies to causes of action which arose after September 1, 1959. The law in effect at the time of the accident was the limitation of “ one year after the alleged cause of action accrued ”. (Town Law, § 67.) To repeat, however, this defense is not available on a motion pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. The defendant town’s contention that the action was not started until March 30, 1960 must be made the basis of a different motion.
The town’s motion to dismiss the complaint as against the town is granted.
The plaintiff shall have 15 days after the date of the order herein to serve an amended complaint. The plaintiff shall pay $10 costs.